# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

BRYAN RAY BAZA BAUTISTA,
NELLIE JOIGETTE T. PENAFLOR,
ALAN PHILIP CRUZ SANTOS,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CF 0086-14

DECISION AND ORDER ON
DEFENDANTS' MOTIONS
TO DISMISS

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III for oral argument on May 8, 2014 on three motions to dismiss: Defendant Bryan Ray Baza Bautista's Motion to Dismiss the Fourth Charge of the Indictment; Defendant Alan Philip Cruz Santos' Motion to Dismiss the Indictment Due to Failure to Present Probable Cause and Violation of the 5th Amendment Rights of the Defendant; and Defendant Alan Philip Cruz Santos' Motion to Dismiss the First and Second Charge. Attorney Terence E. Timblin represents Defendant Bautista, Attorney William Pole represents Defendant Santos, and Assistant Attorney General James C. Collins represents the Government. The Court took the matters under advisement and, for the reasons set forth below, denies all three motions.

## DISCUSSION

Per the Indictment returned on February 28, 2014, Defendants are charged with felony counts of possession of a Schedule II controlled substance with intent to deliver and possession of a Schedule II controlled substance. Defendant Bautista is also charged with felony counts of possession of a firearm without a firearms identification card and possession of an unregistered


ORIGINAL

firearm. Defendants Santos is also charged with misdemeanor counts of destruction of evidence. The charges stem from a search of a Dededo residence performed by the Guam Police Department on February 19, 2014. Each Defendant has moved to dismiss the Indictment in whole or in part. Defendants' Motions are addressed in turn.

### 1. Defendant Bautista's Motion to Dismiss the Fourth Charge of the Indictment

On April 4, 2014, Defendant Bautista filed his Motion, and on April 16, 2014, he filed a Reply. Defendant Bautista's Motion relates to the Fourth Charge of the Indictment, i.e., three felony counts of possession of an unregistered firearm; the counts correspond to three firearms recovered by police. Defendant Bautista contends that two of the firearms in question are registered, albeit to a person other than Defendant Bautista. He argues that although "10 GCA § 60121 prohibits the possession of an unregistered firearm[, the statute] does not prohibit possession of a firearm by someone to whom it has not been specifically registered." Defendant Bautista concludes that the dismissal is appropriate because the Government failed to present this exculpatory evidence of registration to the grand jury and failed to establish probable cause that the firearms were not registered.

On April 9, 2014, the Government filed its Opposition. The Government asserts that grand jury testimony and discovery establish that Defendant Bautista did not have a firearms identification card and two of the firearms were registered to other persons. The Government argues that the plain language of the applicable statutes "contradicts [Defendant] Bautista's argument that as long as a firearm is registered to *someone*, there is no violation of the statute, even if the person in possession of the firearm is not the person to whom the firearm is registered." (emphasis in original). The Government thus maintains that there is a statutory requirement for a person who assumes possession of a registered firearm to re-register it.

The parties offer competing interpretations of the statutes governing firearm possession. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17. Whether

determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." Id.; Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14.

Chapter 10 of the Guam Code governs firearms. Defendant Bautista is charged with three counts of possession of a firearm pursuant to 10 GCA § 60121(a), which provides that "[a]ny person who knowingly owns or possesses an unregistered firearm shall be punishable by imprisonment of not less than one (1) year and a fine of not less than One Thousand Dollars ($1,000)." Two additional sections of Chapter 10 bear on the registration issue here. First, § 60110 provides, in pertinent part, that any person purchasing, receiving, or otherwise "coming into permanent possession of a firearm [. . .] shall register the same with the Department within three (3) working days after acquiring said firearm on the forms specified by the Department." Next, regarding the transfer of a firearm, § 60111 provides, in pertinent part, that "[u]pon transfer of any firearm from one person" to another person, "other than on loan, a new registration must be obtained by the new owner or one permanently possessing the firearm[.]"

The Court discerns no ambiguity from these provisions. The plain language of the statutes provides that 1) it is a crime to knowingly possess an unregistered firearm; 2) one who assumes permanent possession of a firearm is required to register it promptly; and 3) the registration requirement applies to one who assumes permanent possession from another, such that the new possessor is required to obtain a new registration. Defendant Bautista acknowledges that neither of the two firearms in question is registered in his name, but contends that the statute does not prohibit possession of a firearm by someone to whom it has not been specifically registered. The plain language of the statutes belies Defendant Bautista's position; his interpretation would nullify the requirement to obtain a new registration, as set forth in § 60111, and the Court will not adopt such a construction.

As to Defendant Bautista's contention that the Fourth Charge of the Indictment is unsupported by probable cause, the Government quotes grand jury testimony indicating that none of the firearms recovered were registered to Defendant Bautista. "A grand jury's chief duty is to determine whether the prosecution has established a prima facie case that a crime has been committed and that the accused committed it." Guam v. San Nicolas, 2013 Guam 21, ¶ 11 (citing 38 Am. Jur. 2d Grand Jury § 2 (2013)). The Court has no basis to question the grand jury's conclusion that the testimony supports probable cause to believe Defendant Bautista

possessed unregistered firearms. Furthermore, the Court concludes that the fact that two firearms were registered to other individuals does not constitute exculpatory evidence. Defendant Bautista's Motion, therefore, is denied.

**2.     Defendant Santos' Motion to Dismiss the Indictment Due to Failure to Present Probable Cause and Violation of the 5th Amendment Rights of the Defendant (First Motion)**

On April 4, 2014, Defendant Santos filed his First Motion, which relates to the First Charge, Second Charge, and Fifth Charge of the Indictment, i.e., felony counts of possession of a Schedule II controlled substance with intent to deliver and possession of a Schedule II controlled substance, as well as a misdemeanor count of destruction of evidence. The controlled substance in question, according to the Indictment, is "an amphetamine-based substance." On May 7, 2014, Defendant Santos filed his Notice of New Guam Supreme Court Case, directing this Court's attention to the recent case of People v. Torres, 2014 Guam 8. Defendant Santos argues that the charges must be dismissed because the Government "failed to provide probable cause for the allegations against [him]" in that "[t]he Government failed to provide any evidence that [Defendant Santos] had knowledge or access to any of the drugs found in the house of [Defendant Bautista]." Defendant Santos also contends that, because an officer testified before the grand jury that Defendant Santos "refused to provide information" to officers, the Government impermissibly used "the right to remain silent against [Defendant Santos]" in violation of the Fifth Amendment. Defendant Santos further argues that the Government "used its credibility to induce the Grand Jury to find probable cause[.]" Defendant Santos concludes that dismissal is warranted because he suffered prejudice.

On April 9, 2014, the Government filed its Opposition. The Government contends that "[t]he grand jury was provided with testimony which established a sufficient factual basis for [Defendant] Santos to be indicted for all charges." The Government further contends that it did not engage in impermissible vouching or otherwise violate Defendant Santos' constitutional rights.

Defendant Santos baldly claims that the Government failed to establish probable cause or produce any supporting evidence thereof. Again, "[a] grand jury's chief duty is to determine whether the prosecution has established a prima facie case that a crime has been committed and

that the accused committed it." Guam v. San Nicolas, 2013 Guam 21, ¶ 11 (citing 38 Am. Jur. 2d Grand Jury § 2 (2013)). Citing grand jury testimony, the Government asserts that police witnessed Defendant Santos attempting "to flush illegal drugs in the toilet." In addition, officers testified to "a large volume of drug evidence" in the house as well as positive field test results for the presence of methamphetamines. The Government also cites a statement made by Defendant Bautista that inculpated Defendant Santos. The Court has no basis to question the grand jury's conclusion that the testimony supports probable cause to believe Defendant Santos committed the charged offenses. The Court is likewise unconvinced that the Indictment is deficient. Defendant Santos is well-apprised of the charges by virtue of the Indictment, Magistrate's Complaint, and Government's pleadings. Further, although Defendant Santos quotes liberally from the recent Torres case, he fails to offer any specific argument in relation to the instant Indictment.

Defendant Santos also argues that "[t]he Government used [Defendant Santos'] right to remain silent as evidence of guilt." This argument is unpersuasive, as the entirety of the supposed impermissible use of the right to remain silent was an exchange in which an officer testified that, although officers attempted to interview Defendant Santos, he "refused to provide information[.]" Defendant Santos offers no explanation as to how this testimony was used as evidence of guilt, nor does Defendant Santos provide support for application of the extraordinary remedy of dismissal under these circumstances.

Moreover, the cases replied upon by Defendant Santos are inapposite to the grand jury context. In Griffin v. California, the Court held that comments from the trial court judge and prosecutor on the defendant's failure to testify violated the self-incrimination clause of the Fifth Amendment. 380 U.S. 609 (1965). In Doyle v. Ohio, the Court held that use of a defendant's post-arrest silence violated due process when a prosecutor sought to impeach a defendant's exculpatory story by cross-examining the defendant about his failure to have told the story after receiving Miranda warnings at time of his arrest. 426 U.S. 610 (1976). In addition, although the Government asserts that police questioned Defendant Santos after his arrest, Defendant Santos addresses neither the time at which he was silent nor whether he invoked his right to remain silent; both are potentially critical facts in the context of the use of a defendant's silence. See Salinas v. Texas, 133 S. Ct. 2174, 2179-81 (2013) (noting that "[a] witness does not expressly invoke the privilege [against self-incrimination] by standing mute" and holding that

prosecution's use of defendant's noncustodial silence at trial did not violate Fifth Amendment). Finally, Defendant Santos fails to substantiate his claim of Government vouching, as he directs the Court's attention to no statements before the grand jury that rise to the level of impermissible vouching. See United States v. Weatherspoon, 410 F.3d 1142 (9th Cir. 2005) (a prosecutorial statement may be considered impermissible vouching if it places the prestige of the government behind the witness by providing personal assurances of a witness's veracity).

The Court notes that the testimony in question was not elicited during trial and the Court discerns no prejudice in light of the evidence otherwise available to support a finding of probable cause. The Court, therefore, finds no absence of probable cause or presence of improper Government tactics before the grand jury. Accordingly, Defendant Santos' First Motion is denied.

### 3. Defendant Santos' Motion to Dismiss the First and Second Charge (Second Motion)

On April 4, 2014, Defendant Santos filed his Second Motion,[1] which relates to the First Charge and Second Charge of the Indictment, i.e., felony counts of possession of a Schedule II controlled substance with intent to deliver and possession of a Schedule II controlled substance. The controlled substance in question, according to the Indictment, is "an amphetamine-based substance." Defendant Santos seeks dismissal because "[t]he Grand Jury was not provided with sufficient information to determine if a crime had occurred because the People cannot sustain that there is probable cause that the Grand Jury could have found." In particular, Defendant Santos alleges that there is no probable cause for the possession charge, as the grand jury heard no evidence that Defendant Santos "had any domain or control over the suspected 'ice.'"

On April 9, 2014, the Government filed its Opposition. The Government contends that Defendant Santos presents identical arguments in the First Motion and Second Motion. The Government therefore reiterates its arguments from its Opposition to the First Motion.

The Court concurs with the Government's characterization of Defendant Santos' Second Motion. It seems that the First Motion and Second Motion differ not in terms of substance, but

---

[1] On April 23, 2014, Defendant Penaflor filed her Joinder. On June 11, 2014, the Court accepted the Plea Agreement reached between the Government and Defendant Penaflor. The Court therefore considers the Joinder withdrawn. In any event, Defendant Penaflor offered no specific arguments aside from joining Defendant Santos' Second Motion, which fails for the reasons set forth herein.

rather only as to the authorities cited. For example, the latter cites to California case law and 8 GCA § 45.80, which applies to first appearances and preliminary examinations and which requires the Court to dismiss the complaint if it finds a lack of probable cause. Defendant Santos' arguments in his Second Motion fail for the same reasons set forth above. The Court declines to address Defendant Santos' apparent argument for a jury instruction regarding accomplice liability.

<strong>CONCLUSION</strong>

In light of the foregoing, the Court DENIES Defendant Bautista's Motion to Dismiss the Fourth Charge of the Indictment, DENIES Defendant Santos' Motion to Dismiss the Indictment Due to Failure to Present Probable Cause and Violation of the 5th Amendment Rights of the Defendant, and DENIES Defendant Santos' Motion to Dismiss the First and Second Charge. Trial setting is scheduled for July 10, 2014 at 3:00 P.M.

**IT IS SO ORDERED** this day of July 7, 2014.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam